# HIGH COURT

OF

# ERRORS AND APPEALS.

## DECEMBER TERM, 1839.

---

### Natchez Insurance Company *v.* Stanton *et. al.*

Writs of error may be issued either by the clerks of the Circuit Court or by the clerk of
the High Court of Errors and Appeals.

Before an alias citation will be awarded, it must be shown that due diligence has been
used to procure a service of the original.

On motion to dismiss.

Gaines, for the motion.

Winchester, *contra.*

Mr. Chief Justice SHARKEY delivered the opinion of the court.

A motion was made to dismiss this case, because the citation
was only served on one of the defendants in error. The motion
was sustained and cause dismissed, but it was reinstated on appli-
cation for that purpose, and the plaintiffs obtained an order for an
*alias citation,* which was issued by the clerk of this court, and
served on the attorney of record at this term. This cause now
stands on a motion to quash the alias citation, and to dismiss the
case. In support of this motion, it is insisted that this court has
not the authority to issue an alias citation. By the act for the or-

[Natchez Insurance Company *v.* Stanton, *et al.*]

ganization of the supreme court, passed in 1822, writs of error and other process were properly issuable by the clerk of that court. By the act of 1830, it is declared "that writs of error and citations now issuable by the clerk of the supreme court, shall hereafter be issuable by the clerks of the circuit courts and courts of chancery." Does this law take from the clerk of this court the power to issue process? The statute is one of convenience. There could have existed no good reason for taking the power from the clerk of this court, and the mere fact that such power was given to the circuit court clerks, does not of itself deprive the clerk here from exercising the same power. It is a mere official duty, which may be exercised by either, and when exercised by the clerk of the circuit court, he may be considered as acting as the clerk of this court. No good reason can be perceived for construing the statute otherwise than as cumulative. It does not expressly profess to take the power from the clerk of the supreme court, and should not be construed to do it by implication, it being a power vested, and the exercise of it by either is not incompatible. We, therefore, think that it is competent for the clerk of this court to issue process.

The motion to dismiss raises the question, whether it was proper to grant it in this case. By the 24th section of the supreme court law, the party obtaining a writ of error is also to have a citation issued, which must be served ten days before court; if not, the writ of error shall be dismissed, unless the court shall be satisfied that such failure did not happen in consequence of the fault of the plaintiff in error. It would, therefore, devolve on the plaintiff in error before he would be entitled to an alias, to show that he had used proper diligence in suing out and endeavoring to have the original served. The judgment was rendered in July, 1838, and the plaintiff sued out his writ of error and citation on the 27th of August, and it was served on one of the defendants on the 29th of August. The plaintiff was not chargeable with laches in this respect. We are concluded, however, from any inquiry into the ground laid for the alias, as it was granted at the last term of this court, and we must presume that a proper showing was made.

Motion denied.